O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. HARRISON,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>        Respondent. | Case No. LA CV 16-7910 ODW (JCG)<br><br>**ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE** |

On October 24, 2016, the Court received a letter request for an extension of time to file a federal petition for writ of habeas corpus ("Request") from would-be state habeas petitioner James R. Harrison ("Petitioner"), a California prisoner proceeding *pro se*. [Dkt. No. 1.] For the reasons discussed below, the Court will dismiss this action, without prejudice, for lack of jurisdiction.

As a general matter, the exercise of federal jurisdiction under Article III of the Constitution depends on the existence of a case or controversy. *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.,* 508 U.S. 439, 446 (1993). In a state prisoner's federal habeas action, the underlying "controversy" is whether the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."

*Calderon v. Ashmus*, 523 U.S. 740, 746 (1998); 28 U.S.C. § 2254(a). Thus, a federal court lacks jurisdiction to consider petition-related requests "unless and until such a [federal habeas] petition is actually filed." *See Casaburi v. Warden*, 2013 WL 3367275, at *1 (C.D. Cal. July 3, 2013); *see also Ford v. Warden*, 2008 WL 2676842, at *1 (C.D. Cal. July 7, 2008) (dismissing, without prejudice, a request for an extension of time to file a habeas petition because no actual petition had been filed and therefore no "case or controversy" existed).

      Here, Petitioner has not filed a federal habeas petition challenging his conviction or sentence. Accordingly, there is no case or controversy to be heard, and the Court lacks jurisdiction to consider Petitioner's Request. *See id.*

      Additionally, for the reasons stated above, the Court finds that Petitioner has not shown that reasonable jurists would find it debatable whether this Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court thus declines to issue a Certificate of Appealability.

      For the foregoing reasons, **IT IS ORDERED** that:

    1. This action be **SUMMARILY DISMISSED WITHOUT PRJEUDICE**.

    2. A Certificate of Appealability be **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 31, 2016

HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE